```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```
_____

HERMAN S. PHILLIPS,

     Plaintiff,

vs.                                  No. 05-2571-B/P

DAVID MILLS, et al.,

     Defendants.

_____

```
                     ORDER ASSESSING FILING FEE
                     ORDER OF PARTIAL DISMISSAL
                                AND
         ORDER TO ISSUE SERVICE OF PROCESS FOR REMAINING DEFENDANTS
```
_____

Plaintiff, Herman S. Phillips, prison registration number 100946, an inmate confined at the Whiteville Correctional Facility ("WCF"),[1] who was formerly confined at the West Tennessee State Penitentiary in Henning, has filed a complaint under 42 U.S.C. § 1983. The Clerk of Court shall file the case and record the defendants as David Mills, Donna K. White, Correctional Medical Services and the Tennessee Department of Correction ("TDOC").

I.    <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The <u>in</u>

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the clerk of court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the clerk of court.

On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the clerk of court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the

plaintiff's account and pay to the clerk of this court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the court may impose appropriate sanctions, including either dismissal or a monetary fine or both, without any additional notice or hearing by the court.  The clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

II.  Analysis of Plaintiff's Claims

Plaintiff Phillips alleges that the defendants denied him medical and treatment for a large painful growth on his left shoulder blade despite numerous requests and grievances. He claims that he has exhausted his available administrative remedies.

III. Order of Partial Dismissal

A suit against the TDOC is actually a suit against the State of Tennessee. Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).  Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst, 465 U.S. at 98-100; Quern v. Jordan, 440 U.S. 332, 343-45 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a).  Furthermore, a state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989).  The plaintiff's claims against the TDOC and State of Tennessee are barred by the Eleventh Amendment and are not cognizable under § 1983.  Accordingly, the Eleventh Amendment prohibits suits for damages against a state in federal court.  As the claims against the TDOC and the State of Tennessee are barred by the Eleventh Amendment and fail to state a claim upon which relief may be granted, those claims and defendants are DISMISSED to 28 U.S.C.  § 1915(e)(2)(B)(ii) and (iii).

IV.  Issuance of Service for Remaining Defendants

It is ORDERED that the clerk shall issue process for David Mills, Donna White, and Correctional Medical Services and deliver said process to the marshal for service.

Service shall be made on the individual defendants either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective.  All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney.  The plaintiff shall make a certificate of service on every document filed.  The plaintiff shall promptly notify the clerk of any change of address or whereabouts.

Failure to comply with these requirements, or any other order of the court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 2nd day of May, 2006.

        s/ J. DANIEL BREEN
        UNITED STATES DISTRICT JUDGE

5