IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

HERMAN S. PHILLIPS,

    Plaintiff,

vs.                                No. 05-2571-JDB/tmp

DAVID MILLS, et al.,

    Defendants.

---

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS
DAVID MILLS AND DONNA WHITE

---

On August 10, 2005, Plaintiff Herman S. Phillips filed this complaint under 42 U.S.C. § 1983, alleging that the Defendants, former West Tennessee State Prison Warden David Mills and Tennessee Department of Correction Director of Health Services Donna White denied him pain medication and proper medical evaluation for a large painful growth on his left shoulder blade which was determined to be a cancerous tumor.

On April 30, 2007, Defendants Mills and White filed a motion for summary judgment, accompanied by a memorandum in support, and exhibits which include the deposition of Phillips and the affidavit of Defendant Mills. Plaintiff responded to the motion for summary judgment on May 9, 2007.

The bases for these Defendants' motion are that:

1. Defendants were not deliberately indifferent to Plaintiff's alleged serious medical condition;

2. Respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983;

3. Claims prior to August 10, 2004 are barred by the applicable one year statute of limitations;

4. Defendants are entitled to qualified immunity; and

5. Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C.A. § 1997e(a).

The Court has determined that Issue 2 is dispositive of Phillips' claims against Mills and White, and therefore, it will be unnecessary to discuss Issues 1 and 3-5.

The following undisputed facts appear in the record. Phillips developed a painful knot on his shoulder in 2004. He sought treatment from medical staff at WTSP. The knot grew larger and the pain associated with the knot also increased. Plaintiff was seen by the nurse practitioner at WTSP who scheduled him for a consultation at DeBerry Special Needs Facility ("DSNF") in Nashville. His scheduled consultations were cancelled four or five times. Plaintiff was not prescribed medication for his pain. On August 23, 2004, Phillips filed a grievance regarding the cancellation of his appointments at DSNF and expressed his concern that the painful knot was a cancerous tumor. Gail Matthews, Registered Nurse and Supervisor, responded on August 24, 2004, that another consultation request had been submitted. The grievance was ultimately deemed nongrievable because it concerned a medical diagnosis. On September 14, 2004, Phillips filed an inmate inquiry/information request seeking an explanation for the cancellation of his appointment at DSNF on September 10, 2004. Warden Mills responded that his office did not schedule or cancel

2

surgery appointments and told Phillips to contact medical. On September 20, 2004, Gail Matthews responded that DSNF rescheduled the appointment because of lack of bed availability. Ultimately, Phillips underwent surgery for the cancerous growth at Nashville General Hospital in February and March of 2005.

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.

In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Plaintiff contends that Mills and White were responsible for the ten month delay in his receipt of medical treatment for his tumor. Phillips alleges that Mills, as warden of WTSP, was put on notice of, had knowledge of, and tacitly approved the denial of medical treatment and pain medication through the TDOC administrative grievance procedure and inmate inquiry/information request. He contends that Mills had a constitutional obligation to see that his medical needs were met and failed to do so. Phillips insists that Mills should have investigated his complaint about the cancellation of his appointment at DSNF because he was the supervisor over the institution and it was the Warden's responsibility to ensure that prison staff perform their jobs. (Plaintiff's deposition, p. 12)

Phillips further alleges that White, as TDOC Medical Director, "consistently disapproved" the recommendation for surgery made by WTSP medical staff. Plaintiff maintains that White, as TDOC medical director, is "responsible for overall dispensing of medical attention and treatment" to TDOC inmates. (Plaintiff's deposition, p. 20)

Mills provided an affidavit stating that, as Warden, he is not responsible for providing medical care to prison inmates. He also states that aside from the one inmate information request in

September of 2004, he was not contacted by the Plaintiff to discuss his medical needs.

White responded to the complaint by stating that she is not the Medical Director for the TDOC, but is the Director of Health Services with authority over administrative matters only. She states that she has no authority to make medical decisions, dispense medicine, or treat inmates, which is the responsibility of the Medical Director.

The Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). Under the Supreme Court decision of Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id.

An Eighth Amendment claim consists of objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires

that the deprivation be "sufficiently serious." <u>Farmer</u>, 511 U.S. at 834; <u>Hudson</u>, 503 U.S. at 8; <u>Wilson</u>, 501 U.S. at 298. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." <u>Farmer</u>, 511 U.S. at 834; <u>Wilson</u>, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. <u>Farmer</u>, 511 U.S. at 834; <u>Wilson</u>, 501 U.S. at 303.

Within the context of <u>Estelle</u> claims, the objective component demands that the medical need be sufficiently serious. <u>Hunt v. Reynolds</u>, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th Cir. 1980)(quoting <u>Laaman v. Helgemoe</u>, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment <u>Estelle</u> violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in <u>Farmer v. Brennan</u>, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. <u>Id.</u> 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent

6

diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

The mere fact that a defendant is in a position of authority does not allow imposition of liability against him. There is no respondeat superior liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, (1978); Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct); Jones v. City of Memphis, 586 F.2d 622, 624-25 (6th Cir. 1978).

In order for supervisory liability to attach, a plaintiff must prove that the official "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999)(citations omitted). A plaintiff must establish that the official "either encouraged the specific incident of misconduct or in some other way directly participated in it." Sheehee v. Luttrell, 199 F.3d 295, 300(6th Cir. 1999)(citations and quotations omitted). At the very least, "a plaintiff must show that the official ... implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id.

Phillips fails to demonstrate that either Mills or White participated in or authorized the medical decisions and actions from which his grievance and lawsuit arose. Bellamy v. Bradley, 729 F. 2d at 421. Moreover, § 1983 liability may not be imposed against

7

these Defendants for "a mere failure to act" based upon information contained in the grievance. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996).

Phillips admits that he never spoke with or communicated with White. (Plaintiff's deposition, pp. 22-23) Phillips assumes that "if [White] is the medical director, and that if she's legally responsible for the dispensing of medical attention to inmates in the Department of Corrections, then she didn't do what she's supposed to do by supervising those individuals that was under her direct supervision."(Plaintiff's deposition, p. 21). Plaintiff fails to demonstrate that White is the TDOC Medical Director or made medical decisions about his care and treatment. In any event, his theory of liability against White is precisely the type of respondeat superior allegations that are forbidden by Monell.

Phillips contends that Mills ratified the allegedly unconstitutional behavior by failing to investigate or take remedial measures following his inmate information request. Although failure to investigate may give rise to § 1983 supervisory liability, see Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990) and Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in Walker and the analysis in its progeny indicate that evidence of the "failure to investigate" can only establish municipal liability. In Dyer v. Casey, 1995 WL 712765, at **2 (6th Cir. 1995), the Court stated that "the theory underlying [Marchese and Lucas (citations

omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In Walker, the Sixth Circuit distinguished Marchese because the court "imposed the broad investigative responsibilities outlined in Marchese upon the Sheriff in his official capacity." Walker, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

Young v. Ward, 1998 WL 384564 *1 (6th Cir. 1998). Plaintiff's allegations against Mills are brought against him in his individual capacity, therefore his claims based upon ratification or failure to take any remedial measure fail to state any claim upon which relief may be granted.

Accordingly, there is no genuine issue of material fact as to Plaintiff's claims and these Defendants are entitled to judgment as a matter of law. The motion for summary judgment filed by Defendants Mills and White is GRANTED.

This order is not a final appealable order, and it is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from

this order by Plaintiff is not taken in good faith and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 12th day of December, 2007.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE