IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

HERMAN S. PHILLIPS,

    Plaintiff,

vs.                              No. 05-2571-JDB/tmp

DAVID MILLS, et al.,

    Defendants.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT
CORRECTIONAL MEDICAL SERVICES
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On August 10, 2005, Plaintiff Herman S. Phillips filed this complaint under 42 U.S.C. § 1983, alleging that Defendant Correctional Medical Services ("CMS"), the healthcare services provider for inmates confined by the Tennessee Department of Correction ("TDOC"), denied him pain medication and proper medical evaluation for a large painful growth on his left shoulder blade which was determined to be a cancerous tumor.

On November 2, 2007, CMS filed a motion for summary judgment, accompanied by a memorandum in support and the deposition of Phillips. Plaintiff responded to the motion on November 23, 2007.

The bases for Defendant's motion for are that:

    1.    Defendant was not deliberately indifferent to Plaintiff's alleged serious medical condition pursuant to any policy or custom of CMS; and

    2.    Plaintiff's complaint is barred by the applicable one year statute of limitations.

The Court has determined that a ruling on Issue 1 is dispositive of Plaintiff's claims against Defendant CMS, and therefore, it will be unnecessary to address Issue 2.

The following undisputed facts appear in the record. Phillips developed a painful knot on his shoulder in April of 2004. He sought treatment from the medical staff at WTSP but the knot grew larger and the pain associated with the knot increased. Plaintiff was seen by the nurse practitioner or physician at WTSP on approximately four occasions but was never prescribed pain medication. Phillips alleges that his requests for pain medication were denied because the medical staff believed the knot was a cosmetic defect or "fat pocket." (Plaintiff's deposition, p. 38) Plaintiff claims the tumor developed an ulcer and grew bigger and bigger until "it just like opened up." (Plaintiff's deposition, pp. 38-39) He further avers that the medical staff told him there was nothing that could be done but to schedule him a consultation at DeBerry Special Needs Facility ("DSNF") in Nashville. Phillips related that he bought aspirin from the commissary for his pain. (Plaintiff's deposition, p. 37)

Plaintiff's scheduled consultations at DSNF were cancelled four or five times. (Plaintiff's deposition, p. 41) On August 23, 2004, Phillips filed a grievance regarding the cancellation of his appointments at DSNF and expressed his concern that the painful knot was a cancerous tumor. He contends that he "grieved the fact that [he] was in pain and that wasn't anybody doing anything about it." (Plaintiff's deposition, p. 40) Gail Matthews, Registered Nurse and

Supervisor, responded on August 24, 2004, that another consultation request had been submitted. The grievance was ultimately deemed nongrievable because it concerned a medical diagnosis. On September 14, 2004, Phillips filed an inmate inquiry/information request seeking an explanation for the cancellation of his appointment at DSNF on September 10, 2004. Warden Mills responded that his office did not schedule or cancel surgery appointments and told Phillips to contact medical. On September 20, 2004, Gail Matthews responded that DSNF rescheduled the appointment because of lack of bed availability. Ultimately, Phillips underwent surgery for the cancerous growth at Nashville General Hospital in February and March of 2005.

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

The Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). Under the Supreme Court decision of Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id.

An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298. The subjective component mandates that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Within the context of Estelle claims, the objective component demands that the medical need be sufficiently serious. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment Estelle violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury."

Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in Farmer v. Brennan, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

Plaintiff admits that he saw a medical staff member, "Dr. Willis," for diagnosis and treatment. Even if Willis was negligent in examining, diagnosing, or treating Plaintiff, that error would amount at most to medical malpractice. "[A] complaint that a physician has been negligent in treating or failing to treat a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-06. The complaint simply does not allege any facts supporting a claim that the Eighth Amendment was violated. A difference of opinion between a prisoner and medical personnel about diagnosis or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Phillips does not even know whether "Dr. Willis" was a CMS employee or a TDOC employee. (Plaintiff's deposition, p. 23) He has presented no evidence in the form of an exhibit or affidavit demonstrating that Defendant CMS directed Dr. Willis to deny pain

medication to him. Plaintiff admits that he never saw such a directive. (Plaintiff's deposition, p. 103)  Phillips' complaint and response to the Defendant's motion offer speculation and subjective conclusions of CMS' role in providing medical care.  Such conjecture is inadequate to offset a properly supported summary judgment motion.  Plaintiff's opinions do not meet his burden to offer facts or affidavits that would raise a genuine issue of material fact about his claims.

Essentially, the inmate has not set forth any fact to support a viable theory of liability against Defendant CMS.  When a complaint fails to allege any specific action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Furthermore, to the extent Dr. Willis was employed by CMS, there is no respondeat superior liability under § 1983.  Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct).  It is clear from the face of the complaint, even construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), that Plaintiff relies entirely on his belief that CMS was the employer and supervisor of WTSP medical personnel as the basis for his claims against CMS. This is precisely the type of respondeat superior allegations that are forbidden by Monell.

In order for supervisory liability to attach, a plaintiff must prove that the official "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999)(citations omitted). A plaintiff must show that the official "either encouraged the specific incident of misconduct or in some other way directly participated in it." Sheehee v. Luttrell, 199 F.3d 295, 300(6th Cir. 1999)(citations and quotations omitted). At the very least, "a plaintiff must show that the official ... implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id.

Phillips fails to demonstrate that Defendant CMS participated in or authorized the medical decisions and actions from which his grievance and this lawsuit arose. Bellamy v. Bradley, 729 F. 2d at 421. Accordingly, there is no genuine issue of material fact as to Plaintiff's claims and CMS is entitled to judgment as a matter of law. The motion for summary judgment filed by this Defendant is GRANTED.

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. In this case,

for the reasons expressed above, there is no genuine issue of material fact that the Plaintiff fails to state a claim upon which relief can be granted. As reasonable jurists could not differ regarding this conclusion, the Court concludes that an appeal of the dismissal of those issues would also be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and he may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[1] The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

---

[1] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, § 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

McGore sets out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 14th day of December, 2007.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE